

ROD M. FLIEGEL, Bar No. 168289
rfliegel@littler.com
LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
Telephone: 415.433.1940
Facsimile: 415.399.8490

JENNIFER L. MORA, Bar No. 283569
jmora@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East
Fifth Floor
Los Angeles, CA 90067.3107
Telephone: 310.772.7243
Facsimile: 310.553.5583

Attorneys for Defendant
HIRERIGHT SOLUTIONS, INC. (incorrectly sued
as HIRERIGHT SOLUTIONS, INC. d.b.a.
HIRERIGHT, INC. d.b.a. USIS COMMERCIAL
SERVICES)

FILED
CLERK, U.S. DISTRICT COURT

OCT 5 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                                DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ODDIE L. JONES, an individual,

Plaintiff,

v.

HIRERIGHT SOLUTIONS, INC.
d.b.a. HIRERIGHT, INC. d.b.a USIS
COMMERCIAL SERVICES, a foreign
corporation doing business in
California, SWIFT
TRANSPORTATION CO., INC., a
foreign corporation doing business in
California, and DOES 1-10 inclusive,

Defendants.

Case No. CV12-08581 PSG (JEM)

**NOTICE OF REMOVAL OF CIVIL
ACTION BY DEFENDANT
HIRERIGHT SOLUTIONS, INC.**

**[28 U.S.C. §§ 1331, 1441(a) & 1446]**

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

1   **TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF**
2   **ODDIE L. JONES AND HIS ATTORNEYS OF RECORD:**

3       PLEASE TAKE NOTICE that Defendant HireRight Solutions, Inc. ("HireRight
4   Solutions") (incorrectly sued in this action as HireRight Solutions, Inc. d.b.a.
5   HireRight, Inc. d.b.a. USIS Commercial Services) hereby removes the above-entitled
6   action, Case No. BC491127, from the Superior Court of the State of California,
7   County of Los Angeles, to the United States District Court for the Central District of
8   California.

9       This Removal is based on 28 U.S.C. §§ 1331, 1441(a) and 1446. This Notice is
10  based upon the original jurisdiction of this Court over the parties under 28 U.S.C. §
11  1331 and the existence of a federal question herein, as well as the supplemental
12  jurisdiction of this Court over Plaintiff Oddie L. Jones' ("Plaintiff") state law claims
13  under 28 U.S.C. § 1367. In support of its Notice of Removal, HireRight Solutions
14  states:

15              **I.    PLEADINGS/ SERVICE/ PROCEEDINGS**

16      1.    On August 27, 2012, Plaintiff filed a Complaint in the Superior Court of
17  the State of California, in and for the County of Los Angeles, which was captioned as
18  follows: *ODDIE L. JONES, individually, vs. HIRERIGHT SOLUTIONS, INC. d.b.a*
19  *HIRERIGHT, INC. d.b.a USIS COMMERCIAL SERVICES, a foreign corporation*
20  *doing business in California; SWIFT TRANSPORTATION CO., INC. a foreign*
21  *corporation doing business in California, and DOES 1-10 inclusive*, designated as
22  Case No. BC491127 ("Complaint"). A true and correct copy of the Complaint is
23  attached hereto as Exhibit "A."

24      2.    Plaintiff's Complaint asserts purported causes of action as follows:
25  (1) Unauthorized procurement of an investigative consumer report in violation of Cal.
26  Civ. Code §§ 1786 *et seq.*; (2) Failure to provide adverse action notices in violation of
27  the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.*; (3) Unauthorized and/or
28  inaccurate reporting of records of conviction on investigative consumer reports in

.ER MENDELSON, P.C.
!50 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

1.

1  violation of Cal. Civ. Code §§ 1786 *et seq.*; (4) Failure to provide Plaintiff with certain

2  disclosures in violation of Cal. Civ. Code §§ 1786 *et seq.* and the Fair Credit

3  Reporting Act, 15 U.S.C. §§ 1681 *et seq.*; (5) Failure to reinvestigate a dispute about

4  information contained in an investigative consumer report in violation of Cal. Civ.

5  Code §§ 1786.1 *et seq.*; (6) Unfair business practices in violation of the California

6  Business and Professions Code §§ 17200 *et seq.*; and (7) Penalties pursuant to Cal.

7  Civ. Code §§ 1786 *et seq.*, the California Business and Professions Code §§ 17200 *et*

8  *seq.* and the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.*

9      3.    The first date upon which Plaintiff served any of the Defendants with a

10  copy of said Complaint was September 19, 2012, when HireRight Solutions' agent for

11  service of process was served. A true and correct copy of the Notice of Service of

12  Process is attached hereto as Exhibit "B."

13      4.    HireRight Solutions filed and served an answer to Plaintiff's Complaint

14  on October 4, 2012. A true and correct copy of HireRight Solutions' Answer is

15  attached hereto as Exhibit "C."

16      5.    Defendant Swift Transportation Co. of Arizona LLA ("Swift")

17  (incorrectly sued in this matter as Swift Transportation Co., Inc.) filed and served an

18  answer to Plaintiff's Complaint on October 4, 2012. A true and correct copy of

19  Swift's Answer is attached hereto as Exhibit "D."

20      6.    The Attached exhibits constitute all the papers and processes that have

21  been filed or received in this action by HireRight Solutions and Swift. The

22  attachments thereby satisfy the requirements of 28 U.S.C. § 1446(a).

23          **II.**    **UNANIMITY OF DEFENDANTS FOR REMOVAL**

24      7.    Swift hereby joins HireRight Solutions' Notice of Removal of Civil

25  Action. A true and correct copy of Swift's Joinder in Notice of Removal of Civil

26  Action is attached hereto as Exhibit "E."

27

28

.ER MENDELSON, P.C.
150 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

2.

1

## A.   **DOE DEFENDANTS**

2      8.     HireRight Solutions is informed and believes that none of the Doe

3   Defendants in this case have been identified or served.  Doe Defendants designated 1

4   to 10 are fictitious, are not parties to this action, have not been served and are to be

5   disregarded for the purpose of this removal.  28 U.S.C. § 1441(a).  For this reason, the

6   Doe Defendants need not be joined in this removal.  *Emrich v. Touche Ross & Co.*,

7   846 F.2d 1190, 1193, n. 1 (9th Cir. 1988) (general rule that all defendants in a state

8   action must join in removal applies only to defendants served in the action); *Republic*

9   *Western Ins. v. International Ins.*, 765 F. Supp. 628, 629 (N.D. Cal. 1991) ("The law

10  of this circuit [] is that defendants upon whom service has not been effected at the time

11  the notice is filed, need not join in the notice of removal.").

12

## III.   **FEDERAL QUESTION JURISDICTION**

13     9.     This Court has original jurisdiction over this matter because it arises

14  under the laws of the United States, and the Court can assert supplemental jurisdiction

15  over the state law claims.  28 U.S.C. §§ 1331, 1367.

16     10.    "The district courts shall have original jurisdiction of all actions arising

17  under the Constitution, laws or treaties of the United States."  28 U.S.C. § 1331.  In

18  deciding whether a suit arises under federal law, the district court must abide by the

19  "well-pleaded complaint" rule, under which a suit arises under federal law only when

20  the plaintiff's statement of his own cause of action shows that it is based on federal

21  law.  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

22     11.    This case plainly arises under federal law.  Two of the causes of action

23  included in Plaintiff's Complaint - the seventh and eighth causes of action, for failing

24  to provide certifications to a consumer reporting agency before obtaining a consumer

25  report, failing to obtain a proper authorization from a consumer before obtaining a

26  consumer report and/or failing to provide adverse action letters to a consumer in

27  violation of 15 U.S.C. §§ 1681 *et seq.* – specifically, unambiguously and expressly

28

,ER MENDELSON, P.C.
i50 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

3.

1   allege violations of a federal statute, namely, the Fair Credit Reporting Act.  Thus, this
2   Court has original jurisdiction over this action.

3        12.    Because this Court has original jurisdiction over this case, removal of this
4   case to federal court is proper.  28 U.S.C. § 1441(a).

5   ## IV.    **SUPPLEMENTAL JURISDICTION**

6        13.    When a district court has original jurisdiction over a civil action pursuant
7   to 28 U.S.C. § 1331, the district court can also exercise concurrent jurisdiction of the
8   state law claims included in said action that "form part of the same case or
9   controversy" as the federal law claims.  28 U.S.C. § 1367(a).  This language has been
10  interpreted to allow the district courts to assert jurisdiction over state law claims that
11  arise from the same transaction or occurrence as the applicable federal law claims.
12  *See Raygor v. Regents of the University of Minnesota*, 534 U.S. 533, 540 (2002);
13  *Executive Software North America, Inc. v. United States District Court for the Central
14  District of California*, 24 F.3d 1545, 1564 (9th Cir. 1994).

15       14.    In the instant action, the gravamen of the Complaint is that Swift
16  allegedly unlawfully obtained from HireRight Solutions, and utilized, an investigative
17  consumer report without Plaintiff's authorization, and that HireRight Solutions
18  allegedly provided an investigative consumer report without receiving the required
19  certifications from Swift, reported obsolete information about Plaintiff in a consumer
20  report to Swift and failed to provide certain consumer disclosures to Plaintiff.  Thus, it
21  is clear that all of the claims arise from the same basic transaction or occurrence.  In
22  turn, this enables the Court to assert jurisdiction over all of the claims in the
23  Complaint.

24       15.    Because the Court has jurisdiction over both the federal law and state law
25  claims in Plaintiff's Complaint, the entire case can be properly removed to federal
26  court. 28 U.S.C. § 1441(c).

27

28

ER MENDELSON, P.C.
50 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

4.

## V.   TIMELINESS OF REMOVAL

16.   This Notice of Removal is timely in that it has been filed within 30 days of the service of the Summons and Complaint on September 19, 2012, and within one year of the filing of the Complaint on August 27, 2012. *See* 28 U.S.C. § 1446(b).

## VI.   VENUE

17.   The action is pending in the Superior Court of California for the County of Los Angeles. Venue properly lies in the United States District Court for the Central District of California, Western Division, pursuant to 28 U.S.C. §§ 1391(a) and 1441(a).

## VII.   NOTICE TO PLAINTIFF

18.   Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to Devin H. Fok, Plaintiff's counsel of record. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Court for the Superior Court of the County of Los Angeles, California.

19.   WHEREFORE, Defendant HireRight Solutions now prays that the above-entitled action now pending against Defendants HireRight Solutions and Swift in the Superior Court of the State of California, County of Los Angeles, should be removed therefrom to this Court.

Dated:   October 5, 2012

ROD M. FLIEGEL
JENNIFER L. MORA
LITTLER MENDELSON, P.C.
Attorneys for Defendant
HIRERIGHT SOLUTIONS, INC.

Firmwide:114772605.1 061997.1073

.ER MENDELSON, P.C.
i50 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

~~CONFORMED COPY~~
OF ORIGINAL FILED
Los Angeles Superior Court

AUG 27 2012

John A. Clarke, Executive Officer/Clerk
By_____, Deputy
SHAUNYA WESLEY

**NOTICE TO DEFENDANT:**
(AVISO AL DEMANDADO):
HireRight Solutions, Inc. d.b.a. HireRight, Inc. d.b.a. USIS Commercial Services, a
foreign corporation doing business in California; Swift Transportation Co., Inc., a
foreign corporation doing business in California, and Does 1-10 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
(LO ESTA DEMANDANDO EL DEMANDANTE):

Oddie L. Jones, individually

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es): | CASE NUMBER:<br>(Número del Caso):<br>BC 491127 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):

DATE: AUG 27 2012        JOHN A. CLARKE        Shaunya Wesley , Deputy
(Fecha)                  Clerk, by                                (Adjunto)
                         (Secretario)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☑ on behalf of (specify): Hireright Solutions, Inc. dba Hireright, Inc. dba USIS Commercial Services

under: ☑ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
       ☐ other (specify):
4. ☒ by personal delivery on (date): 9/14/12

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Devin H. Fok (#256599)<br>P.O. Box 7165<br>Alhambra, CA 91802-7165 | **CONFORMED COPY**<br>**OF ORIGINAL FILED**<br>Los Angeles Superior Court |
| TELEPHONE NO.: 310-430-9933   FAX NO: 323-563-3445 | AUG 27 2012 |
| ATTORNEY FOR *(Name)*: Oddie Jones | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles | John A. Clarke, Executive Officer/Clerk |
| STREET ADDRESS: 111 North Hill Street | By_____, Deputy |
| MAILING ADDRESS: | SHAUNYA WESLEY |
| CITY AND ZIP CODE: Los Angeles, CA 90012 | |
| BRANCH NAME: Stanley Mosk | |

| CASE NAME:<br>Jones v. HireRight et al. |
|---|

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: BC 491127 |
|---|---|---|
| ☑ Unlimited   ☐ Limited<br>(Amount demanded exceeds $25,000)   (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | Real Property | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | |
| Non-PI/PD/WD (Other) Tort | ☐ Wrongful eviction (33) | Enforcement of Judgment |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | Unlawful Detainer | Miscellaneous Civil Complaint |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | Miscellaneous Civil Petition |
| ☐ Professional negligence (25) | Judicial Review | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| Employment | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☑ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is   ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify)*:  10: violations of the ICRAA Cal. Civ. C. section 1786 et seq.
5. This case ☐ is   ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 27, 2012
Devin H. Fok
_____
(TYPE OR PRINT NAME)   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

| SHORT TITLE: Jones v. HireRight et al. | CASE NUMBER BC491127 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐ YES   CLASS ACTION? ☐ YES  LIMITED CASE? ☐YES  TIME ESTIMATED FOR TRIAL ____ ☐ HOURS/ ☐ DAYS

Item II. Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Asbestos (04) | ☐ A6070 Asbestos Property Damage | 2. |
| | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | ☐ A7240 Other Professional Health Care Malpractice | 1., 4. |
| Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | ☐ A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

*(Left margin labels: Auto Tort; Other Personal Injury/Property Damage/Wrongful Death Tort)*

| SHORT TITLE: Jones v. HireRight et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | (2.) 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation       Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: Jones v. HireRight et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Judicial Review | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| Enforcement of Judgment | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| Miscellaneous Civil Petitions | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

| SHORT TITLE: Jones v. HireRight et al. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☑2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS: |
|---|---|
| CITY: Los Angeles | STATE: CA · ZIP CODE: 90012 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk _____ courthouse in the Central _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: August 27, 2012 _____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

1  THE LAW OFFICES OF DEVIN H. FOK
   Devin H. Fok, Esq. (SBN #256599)
2  P.O. Box 7165
3  Alhambra, CA 91802-7165
   Ph: (310) 430-9933
4  Fax: (323) 563-3445
5  devin@devinfoklaw.com

6  Attorneys for Plaintiff(s)
7  ODDIE L. JONES

8

9         **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10        **COUNTY OF LOS ANGELES – CENTRAL DISTRICT**

11              **STANLEY MOSK COURTHOUSE**

12
                                    ) CASE NO.
13                                  )              B C 4 9 1 1 2 7
                                    ) **COMPLAINT FOR DAMAGES FOR**
14                                  ) **VIOLATIONS OF:**
15 ODDIE L. JONES, individually,    )
                                    )    1.  Cal. Civ. C. §1786.18
16        Plaintiff(s),             )    2.  Cal. Civ. C. §1786.20
                                    )    3.  Cal. Civ. C. §1786.24
17        vs.                       )    4.  Cal. Civ. C. §1786.12(e)
                                    )    5.  Cal. Civ. C. §1786.29
18                                  )    6.  Cal. Civ. C. §1786.16(b)(1)
   HIRERIGHT SOLUTIONS, INC. d.b.a. )    7.  15 U.S.C §1681b
19 HIRERIGHT, INC. d.b.a. USIS      )    8.  15 U.S.C §1681m
20 COMMERCIAL SERVICES, a foreign   )    9.  Unlawful Business Practices Pursuant
   corporation doing business in California; )      to Bus. & Prof. Code §17200 et seq.
21 SWIFT TRANSPORTATION CO., INC. a )   10.  Unfair Business Practice Pursuant to
22 foreign corporation doing business in )      Bus. & Prof. Code §17200 et seq.
   California, and DOES 1-10 inclusive, )
23                                  )
24        Defendants.               )
                                    )
25                                  )
                                    )
26                                  )
27

28        Plaintiff, ODDIE L. JONES (hereafter as "Plaintiff") complains against Defendants

29 HIRERIGHT SOLUTIONS, INC. d.b.a. HIRERIGHT, INC. d.b.a. USIS COMMERCIAL

30 SERVICES ("HIRERIGHT"); and SWIFT TRANSPORTATION CO., INC. ("SWIFT"), and

31 DOES 1-10 inclusive (hereafter collectively as "Defendants"), and alleges as follows:

32

                              COMPLAINT - 1

## NATURE OF THE ACTION

1. This is an action for money damages and injunctive relief for HIRERIGHT's illegal reporting of obsolete adverse information in Plaintiff's employment background report relating to Plaintiff's criminal and driving history in violation of the California Investigative Consumer Reporting Agencies Act ("ICRAA" Cal. Civ. C. §1786 *et seq.*).

2. It is also an action for money damages and injunctive relief against SWIFT for violations of the ICRAA and the Fair Credit Reporting Act ("FCRA" 15 USC §1681 *et. seq.*) when it denied Plaintiff's employment in reliance on the information contained in the HIRERIGHT background report without first providing Plaintiff with a copy of the report and compliant notices advising him of the right to dispute the accuracy of the information reported.

## JURISDICTION AND VENUE

3. Venue and jurisdiction is proper in this court pursuant to California code of Civil Procedure Sections 395 and 395.5. The cause of action arose in Los Angeles County, California.

## THE PARTIES

4. Plaintiff ODDIE L. JONES is, and at all times relevant herein was, a resident of Los Angeles County, California.

5. Plaintiff is a consumer as defined by Cal. Civ. C. §1786.2(b) and 15 USC § 1681a(c).

6. Defendant SWIFT TRANSPORTATION CO., INC. ("SWIFT") is an Arizona corporation that regularly conducts business in Los Angeles County, California and an entity regulated under both the ICRAA and the FCRA as a user of consumer reports within the. meaning of 15 USC §1681a(d) and/or investigative consumer reports within the meaning of Cal. Civ. C. §1786.2(c) for employment purposes.

7. Defendant HIRERIGHT SOLUTIONS, INC. d.b.a. HIRERIGHT, INC. d.b.a. USIS COMMERCIAL SERVICS is and at all times herein mentioned was, a foreign corporation doing business in the State of California.

8. HIRERIGHT is an entity regulated under the ICRAA.

9.  HIRERIGHT is an "investigative consumer reporting agency" as defined under Cal. Civ. C. §1786.2(d) because they are "person who, for monetary fees or dues, engages in whole or in part in the practice of collecting, assembling, evaluating, compiling, reporting, transmitting, transferring, or communicating information concerning consumers for the purposes of furnishing *investigative consumer reports* to third parties…" (Emphasis added).

10.  An investigative consumer report is "a consumer report in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through any means…" Cal. Civ. C. §1786.2(c).

11.  HIRERIGHT's reports, including the background check report at issue in the present case, contain background information on consumer regarding their general reputation, character, mode of living or other personal characteristics. Among other things, HIRERIGHT's reports typically include information regarding criminal histories.

12.  Defendants sell background check reports to, among others, prospective employers. Plaintiff is ignorant of the Defendants sued herein as DOES 1-10, inclusive, and therefore sues those Defendants by such capacities when such information is ascertained.

13.  Plaintiff is informed and believes and thereon alleges that each of the Doe Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as herein alleged were proximately caused by such occurrences.

14.  Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, Defendants DOES 1-10, were agents of each other and of the named Defendant and in doing the things alleged in this complaint, were acting in the scope of such agency and with the permission and consent of Defendants.

## GENERAL ALLEGATIONS

15.  On or about September 29, 2010, Plaintiff applied for a driving position with SWIFT, and in connection with his employment application, SWIFT procured an investigative consumer report (collectively as "background report") from HIRERIGHT.

16.  The background report contains information related to:

    a.  Case Number 0IW02264 relating to a April 18, 2000 conviction for "driving with suspended license-reckless driving";

    b. Case Number 93M02894 relating to a December 21, 1993 conviction for "driving with suspended license – reckless driving"; and

    c. Other items of adverse information on Plaintiff's driving record that antedates the report by more than 7 years.

17. At no time prior to, or following the procurement of the background report, did SWIFT obtain an authorization compliant with Cal. Civ. C. §1786.16(a) and 15 USC §1681b(b) from Plaintiff as required under the ICRAA and the FCRA.

18. At no time prior to, or following the procurement of the background report, did SWIFT provide a certification compliant with Cal. Civ. C. §1786.16(a)(4) and 15 USC §1681b(b)(1) to HIRERIGHT as required under the ICRAA and the FCRA.

19. Following the procurement of the background report, and approximately two to three weeks following the submission of the employment application, Plaintiff was contacted by an agent of Defendant who referred to him/herself as a "recruiter" to complete Plaintiff's employment application.

20. Following the phone conversation with the recruiter, Plaintiff was contacted by a second agent of Defendant who identified him/herself as an "investigator", and at which point questioned Plaintiff regarding the criminal history and driving record information contained in Plaintiff's background report.

21. Plaintiff's employment application was denied following the phone conversation with the investigator.

22. At no point prior to the denial of employment did SWIFT provide Plaintiff with a description of rights pursuant to 15 USC §1681b(b)(3)(A)(ii), a copy of the subject background report, or an opportunity to dispute the accuracy of the information provided in the Report.

23. At no point following the denial of employment did SWIFT notify Plaintiff orally, in writing, electronically, or by other means that adverse action has been taken based in whole or in part on a consumer report received from a consumer reporting agency; the name, address, and telephone number of the consumer reporting agency that furnished the consumer report; that the consumer reporting agency did not make the decision to make the adverse action and is unable to provide to the consumer the specific reasons why the adverse action was taken; and that the consumer may, upon providing proper identification, request a copy of a report and may dispute with the consumer reporting agency the accuracy or completeness of any information in a report.

24. Subsequent to the denial of his employment, Plaintiff and his representative repeatedly requested SWIFT to provide a copy of the subject background report but were denied. SWIFT's own employees confirmed that they do not give copies of consumer reports.

25. SWIFT has a policy and/or practice of refusing to provide job applicants, including Plaintiff, with a copy of the background report SWIFT obtained in connection with their job application.

26. Plaintiff was required to contact HIRERIGHT directly to obtain a copy of the subject background report. He received a copy of the background report from HIRERIGHT on January 6, 2012.

27. Plaintiff is informed and believes that SWIFT was aware of the procedural requirements as described above; had the ability necessary to comply with the said requirements; but nevertheless had intentionally, conscientiously, and/or recklessly disregarded its obligations and failed to comply with the same in direct contravention of Plaintiff's rights.

28. On or about June 25, 2012, Plaintiff's counsel submitted to HIRERIGHT a letter of demand and dispute relating to the obsolete information reported on Plaintiff's background report. HIRERIGHT, failed to investigate and failed to, and continues to fail to, issue a clean report in violation of both Cal. Civ. C. §1786.24.

## FIRST CAUSE OF ACTION

### (Violation of the California Investigative Consumer Reporting Agencies Act, Cal. Civ. C. §1786.18 against Defendant HIRERIGHT and Does 1-5)

29. Plaintiff hereby incorporates by reference the allegations of paragraphs 1-28, inclusive.

30. Upon information and believe, Defendant HIRERIGHT furnished to a third party consumer reports pertaining to Plaintiff.

31. Defendant HIRERIGHT's report about Plaintiff contains records of conviction that antedate the date of the report by more than 7 years in violation of Cal. Civ. C. §1786.18(a)(7); and adverse information relating to Plaintiff's driving history that antedate the report by more than 7 years in violation of Cal. Civ. C. §1786.18(a)(8).

32. At the time the report was made, Defendant HIRERIGHT was aware of the ICRAA's prohibition against disclosure of the prohibited information and also aware that its report to SWIFT included such prohibited information.

COMPLAINT - 5

33. Plaintiff was harmed and suffered actual damages as a direct legal, proximate, and foreseeable result of Defendant's violations.

34. Defendant HIRERIGHT's violations were willful and/or grossly negligent because Defendant was aware of its obligations under ICRAA but nonetheless consciously elected to disregard its obligations.

## SECOND CAUSE OF ACTION

### (Violation of the California Investigative Consumer Reporting Agencies Act Cal. Civ. C. §1786.20 against Defendant HIRERIGHT and Does 1-5)

35. Plaintiff hereby incorporates by reference the allegations of paragraphs 1-28, inclusive.

36. Upon information and belief, Defendant HIRERIGHT also has not, and currently does not maintain reasonable procedures designed to avoid violations of Cal. Civ. C. §1786.18, including subdivisions (a)(7) and (a)(8), and it is accordingly in violation of Cal. Civ. C. §1786.20(a).

37. Defendant's violations were willful and/or grossly negligent because Defendant was aware of its obligations under the ICRAA but nonetheless consciously elected to disregard its obligations.

## THIRD CAUSE OF ACTION

### (Violation of the California Investigative Consumer Reporting Agencies Act Cal. Civ. C. §1786.24 against Defendant HIRERIGHT and Does 1-5)

38. Plaintiff hereby incorporates by reference the allegations of paragraphs 1-28, inclusive.

39. Upon information and belief, Defendant HIRERIGHT also has not, and currently does not maintain reasonable procedures to resolve consumer disputes as required under Cal. Civ. C. §1786.24.

40. Specifically, Defendant HIREIRGHT failed to conduct any reinvestigation as mandated under Cal. Civ. C. §1786.24(a); failed to promptly notify any person who provided any item of information in dispute as mandated under Cal. Civ. C. §1786.24(b); failed to provide Plaintiff with a notice of determination and/or reinvestigation as mandated under Cal. Civ. C. §§1786.24(d) and (g); failed to promptly delete or modify inaccurate or unverifiable information

as mandated by Cal. Civ. C. §1786.24(e); failed to maintain an automated system through which furnishers of information to Defendant HIRERIGHT may report the results of a reinvestigation that finds incomplete, inaccurate, or unverifiable information as mandated by Cal. Civ. C. §1786.24(n); failed to provide a description of reinvestigation procedure as mandated under Cal. Civ. C. §1786.24(g) ; failed to notify the fact of the dispute pursuant to Cal. Civ. C. §1786.24(j) , and failed to notify the recipient of the subject report relating to the deletion of disputed information pursuant to Cal. Civ. C. §1786.24(k).

41. Defendant HIRERIGHT's violations were willful and/or grossly negligent because Defendant HIRIGHT was aware of its obligations under the ICRAA but nonetheless consciously elected to disregard its obligations.

## FOURTH CAUSE OF ACTION

### (Violation of the California Investigative Consumer Reporting Agencies Act Cal. Civ. C. §1786.12(e) against all Defendants)

42. Plaintiff hereby incorporates by reference the allegations of paragraphs 1-28, inclusive.

43. Defendant HIRERIGHT is, and at all times herein mentioned was, an investigative consumer reporting agency engaged in the practice of assembling and evaluating information on consumers for the purpose of furnishing investigative consumer reports to third parties for monetary fees.

44. Defendant SWIFT is, and all times herein mentioned was, a user of investigative consumer reports.

45. Upon information and belief, Defendant HIRERIGHT has not, and currently does not obtain the proper certification under Cal. Civ. C. §1786.12(e) prior to issuing an investigative consumer report.

46. Upon information and belief, Defendant SWIFT has not, and current does not provide the proper certification under Cal. Civ. C. §1786.12(e) prior to procure or cause to procure an investigative consumer report for employment purposes.

47. Defendants' violations were willful and/or grossly negligent because Defendants were aware of their respective obligations under the ICRAA but nonetheless consciously elected to disregard their obligations.

## FIFTH CAUSE OF ACTION

### (Violation of the California Investigative Consumer Reporting Agencies Act Cal. Civ. C. §1786.29 against HIRERIGHTS and Does 1-5)

48. Plaintiff hereby incorporates by reference the allegations of paragraphs 1-28, inclusive.

49. Defendant HIRERIGHT is, and at all times herein mentioned was, a consumer reporting agency engaged in the practice of assembling and evaluating information on consumers for the purpose of furnishing investigative consumer reports to third parties for monetary fees.

50. Upon information and belief, Defendant HIRERIGHT also has not, and currently does not provide the following notices on the first page of an investigative consumer report including the subject report:

      a. A notice in at least 12-point boldface type setting forth that the report does not guarantee the accuracy or truthfulness of the information as to the subject of the investigation, but only that it is accurately copied from public records, and information generated as a result of identity theft, including evidence of criminal activity may be inaccurately associated with the consumer who is the subject of the report.

      b. An investigative consumer reporting agency shall provide a consumer seeking to obtain a copy of a report or making a request to review a file, a written notice in simple, plain English and Spanish setting forth the terms and conditions of his or her right to receive all disclosures, as provided in Section 1786.26.

51. Defendant HIRERIGHT's violations were willful and/or grossly negligent because Defendant HIRERIGHT was aware of its obligations under the ICRAA but nonetheless consciously elected to disregard its obligations.

## SIXTH CAUSE OF ACTION

### (Violation of the California Investigative Consumer Reporting Agencies Act Cal. Civ. C. §1786.16(b)(1) against Defendant SWIFT and Does 6-10)

52. Plaintiff hereby incorporates by reference the allegations of paragraphs 1-28, inclusive.

53. Defendant SWIFT has not, and does not indicate on a written form, by means of a box to check, that the consumer wishes to receive a copy of any report that is prepared on the consumer

1 | and failed to provide a copy of the report to the consumer, including Plaintiff, within three
2 | business days of the date the report is received by Defendant SWIFT.

3 |     54. Defendant SWIFT's, violations were willful and/or grossly negligent because it was
4 | aware of its obligations under the ICRAA but nonetheless consciously elected to disregard its
5 | obligations.

6 |

7 | ### SEVENTH CAUSE OF ACTION
8 | **(Violation of the Fair Credit Reporting Act, 15 U.S.C §1681b against Defendant SWIFT**
9 | **and Does 6-10)**

10 |

11 |     55. Plaintiff hereby incorporates by reference the allegations of paragraphs 1-28, inclusive.

12 |     56. Pursuant to 15 USC §1681b(b)(1), the FCRA requires that before any employer and/or
13 | prospective employer may obtain a consumer report on a consumer and before any consumer
14 | reporting agency may provide a consumer report, the employer must certify to the consumer
15 | reporting agency that the employer has complied with 15 USC §1681b(b)(2) and will comply
16 | with 15 USC §1681b(b)(3).

17 |     57. Specifically, 15 USC §1681b(b)(2)(A) requires that an employer and/or prospective
18 | employer to provide, in a document that consists solely of the disclosure, that a consumer report
19 | may be obtained for employment purposes; and the consumer has authorized in writing the
20 | procurement of the report by that person.

21 |     58. 15 USC §1681b(b)(2)(B) requires an employer to, in lieu of the requirement specified in
22 | subparagraph (A) above, provide to the consumer, by oral, written, or electronic means, notice
23 | that a consumer report may be obtained for employment purposes, and a summary of the
24 | consumer's rights under section 15 USC §1681m(a)(3); and the consumer shall have consented,
25 | orally, in writing, or electronically to the procurement of the report by that person.

26 |     59. Pursuant to 15 USC §1681b(b)(3)(A), prior to taking any adverse action against an
27 | employee or employment applicant based on information contained in a consumer report
28 | obtained from a consumer reporting agency for employment purposes, an employer must provide
29 | the employee or employment applicant with an opportunity to dispute the accuracy of the report
30 | by providing a pre-adverse action disclosure which includes a copy of the employee's consumer
31 | report obtained from a consumer reporting agency and a description in writing of the employee's
32 | rights under the FCRA.

60. Pursuant to 15 USC § 1681b(b)(3)(B), an employer must provide a notification must provide, within three business days of taking an adverse action, a notification to the consumer that adverse action has been taken based on the consumer report; the name, address, and telephone number of the consumer reporting agency that furnished the consumer report; that the consumer reporting agency did not make the decision to take the adverse action and is unable to provide the specific reasons why the adverse action was taken; and that the consumer may request a free copy of a report and may dispute with the consumer reporting agency the accuracy or completeness of any information in the report.

61. Defendant SWIFT violated 15 USC §1681b as described above by:

      a. Failing to certify to the consumer reporting agency that Defendant SWIFT has complied with paragraph (2) of 15 USC §1681b(b) and will comply with paragraph (3) of 15 USC §1681b(b) pursuant to 15 USC §1681b(b)(1) before obtaining a copy of the consumer report.

      b. Failing to provide the disclosure as required under 15 USC §1681b(b)(2)

      c. Failing to provide proper notice pursuant to 15 USC §1681b(b)(3).

62. Defendant SWIFT's, violations were willful and/or grossly negligent because it was aware of its obligations under the ICRAA but nonetheless consciously elected to disregard its obligations.

## EIGTH CAUSE OF ACTION

**(Violation of the Fair Credit Reporting Act, 15 U.S.C §1681m against Defendant SWIFT and Does 6-10)**

63. Plaintiff hereby incorporates by reference the allegations of paragraphs 1-28, inclusive.

64. Pursuant to 15 USC §1681m(a), users of consumer reports including Defendant SWIFT, must provide a compliant notice of adverse action when adverse action has been taken in whole or in part based on a consumer report.

65. Defendant SWIFT, violated 15 USC §1681m(a) by failing to provide such a notice following the denial of employment to Plaintiff, the decision of which was based in whole or in part of the consumer report supplied by Defendant HIRERIGHT.

66. Defendant SWIFT's, violations were willful and/or grossly negligent because it was aware of its obligations under the ICRAA but nonetheless consciously elected to disregard its obligations.

## NINTH CAUSE OF ACTION

### (Violation of California B&P §17200 *et seq.* against all Defendants)

67. Plaintiff hereby incorporates by reference the allegations of paragraphs 1-28, inclusive.

68. Defendant is, and all times herein mentioned was, an investigative consumer reporting agency engaged in the business and practice of assembling and evaluating information on consumers for the purpose of furnishing investigative consumer reports to third parties for monetary fees.

69. California Business and Professions Code §17200 *et seq.* prohibits acts of unfair competition, which mean and include any "unlawful...business act or practice."

70. As more fully described above, the acts and practices alleged herein are unlawful as they violate numerous statutory provisions as previously alleged.

71. The acts and practices engaged in by Defendant and alleged herein harmed Plaintiffs and, on information and belief, have harmed other California consumers. On information and belief, Defendant's conduct is ongoing and continues to this date.

72. Plaintiffs allege that Defendant's misconduct, as alleged herein, gave, and continues to give Defendant an unfair competitive advantage.

73. As a direct and proximate result of Defendant's aforementioned acts, Defendant has prospered and benefitted from the sales of its non-compliant screening reports, and has been unjustly enriched by providing non-compliant reports on Plaintiffs and on other consumers and should be required to disgorge its illicit profits and/or be enjoined from continuing such practices under California Business & Professions Code §17200 and related sections.

## TENTH CAUSE OF ACTION

### (Violation of California B&P Code §17200 *et seq.* against all Defendants)

74. Plaintiff hereby incorporates by reference the allegations of paragraphs 1-28, inclusive.

75. California Business and Professions Code §17200, *et seq.* prohibits acts of unfair competition, which mean and include any "unfair...business act or practice."

76. As more fully described above, Defendant's acts and practices constitute unfair business acts or practices within the meaning of Business and Professions Code §17200, *et seq.* in that the justification for Defendant's conduct, if any, is outweighed by the harm to the general public. Such conduct is also contrary to public policy, immoral, unethical, oppressive, unscrupulous and/or substantially injurious to consumers. On information and belief, Defendant's unfair conduct is ongoing and continues to this date.

77. The acts and practices engaged in by Defendant and alleged herein harmed Plaintiffs and, on information and belief, have harmed other California consumers. On information and belief, Defendant's conduct is ongoing and continues to this date.

78. Plaintiffs allege that Defendant's misconduct, as alleged herein, gave, and continues to give Defendant an unfair competitive advantage.

79. As a direct and proximate result of Defendant's aforementioned acts, Defendant has prospered and benefited from the sales of its non-compliant reports, and has been unjustly enriched by providing of non-compliant screening reports on Plaintiffs and on other consumers and should be required to disgorge illicit and/or enjoined from continuing such practices under California Business & Professions Code §17200 and related sections.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, and each of them, as follows:

1.  For a declaration that Defendant's practices violate the FCRA, and the ICRAA;
2.  For compensatory, special, general and punitive damages according to proof against all Defendants;
3.  For interest upon such damages as permitted by law;
4.  For an award of reasonable attorney's fees provided by law under all applicable statutes;
5.  For the costs of suit;

6. For such other orders of the Court and further relief as the Court deems just and proper.

DATED: August 27, 2012

DEVIN H. FOK ESQ.
THE LAW OFFICES OF DEVIN H. FOK

By: _____
Devin H. Fok
Attorneys for Plaintiff ODDIE L. JONES

COMPLAINT - 13

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)
Case Number _____

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**   B C 4 9 1 1 2 7
Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)). There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|
| Hon. Carolyn B. Kuhl | 1 | 534 | Hon. Debre Katz Weintraub | 47 | 507 | |
| Hon. Michael P. Linfield | 10 | 631 | Hon. Elizabeth Allen White | 48 | 506 | |
| Hon. Barbara A. Meiers | 12 | 636 | Hon. Deirdre Hill | 49 | 509 | |
| Hon. Terry A. Green | 14 | 300 | Hon. John L. Segal | 50 | 508 | |
| Hon. Richard Fruin | 15 | 307 | Hon. Abraham Khan | 51 | 511 | |
| Hon. Rita Miller | 16 | 306 | Hon. Susan Bryant-Deason | 52 | 510 | |
| Hon. Richard E. Rico | 17 | 309 | Hon. Steven J. Kleifield | 53 | 513 | |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. Ernest M. Hiroshige | 54 | 512 | |
| Hon. Robert L. Hess | 24 | 314 | Hon. Malcolm H. Mackey | 55 | 515 | |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Michael Johnson | 56 | 514 | |
| Hon. James R. Dunn | 26 | 316 | Hon. Ralph W. Dau | 57 | 517 | |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Rolf M. Treu | 58 | 516 | |
| Hon. Barbara Scheper | 30 | 400 | Hon. David L. Minning | 61 | 632 | |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Michael L. Stern | 62 | 600 | |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Mark Mooney | 68 | 617 | |
| Hon. Charles F. Palmer | 33 | 409 | Hon. Ramona See | 69 | 621 | |
| Hon. Amy D. Hogue | 34 | 408 | Hon. Soussan G. Bruguera | 71 | 729 | |
| Hon. Daniel Buckley | 35 | 411 | Hon. Ruth Ann Kwan | 72 | 731 | |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. William F. Fahey | 78 | 730 | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | **Hon. Emilie H. Elias** | **324** | **CCW** | |
| Hon. Michelle R. Rosenblatt | 40 | 414. | **Hon. Elihu M. Berle** | **323** | **CCW** | |
| Hon. Ronald M. Sohigian | 41 | 417 | other | | | |
| Hon. Holly E. Kendig | 42 | 416 | | | | |
| Hon. Mel Red Recana | 45 | 529 | | | | |
| Hon. Fredrick C. Shaller | 46 | 601 | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____        JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff/petitioner shall serve a copy of this form on each defendant/respondent along with the complaint (Civil only).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation, and settlement conference are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

**Cases for Which Arbitration May Be Appropriate**
Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May Not Be Appropriate**
If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

**Cases for Which Mediation May Be Appropriate**
Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May Not Be Appropriate**
Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate**
Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate**
Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conference:**
A settlement conference may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

LAADR 005 (Rev. 01-12)
LASC Adopted 10-03
For Mandatory Use

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

Cal. Rules of Court, rule 3.221
Page 1 of 2

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## DISPUTE RESOLUTION PROGRAM ACT (DRPA) PROVIDERS

JOHN A. CLARKE, EXECUTIVE OFFICER/CLERK                    ALTERNATIVE DISPUTE RESOLUTION (ADR) DEPARTMENT

California Rules of Court, rule 3.221, requires counties participating in the Dispute Resolution Programs Act (DRPA) to provide information about the availability of local dispute resolution programs funded under DRPA. For more information regarding these programs, contact the Los Angeles County Department of Community and Senior Services Contracts Administration Office at 213-738-2621. The following is a list of the local dispute resolution programs funded in Los Angeles County.

Superior Court of California, County of Los Angeles, ADR Office 213-974-5425
www.lasuperiorcourt.org/ADR

---

**STAFF AND VOLUNTEERS OF THE FOLLOWING AGENCIES ARE NOT EMPLOYEES OF THE SUPERIOR COURT:**

---

Asian-Pacific American Dispute Resolution Center 213-250-8190 www.apadrc.org

California Academy of Mediation Professionals 818-377-7250 www.campmediation.org

California Lawyers for the Arts, Arbitration, and Mediation Service 310-998-5590
www.calawyersforthearts.org

Center for Civic Mediation 877-473-7658 213-896-6533 www.centerforcivicmediation.org

Center for Conflict Resolution 818-705-1090 www.ccr4peace.org

Centinela Youth Services, City of Hawthorne 310-970-7702 www.cys.la.org

Inland Valleys Justice Center 877-832-9325 www.ivjc.org

Korean American Coalition 4.29 Dispute Resolution Center 213-365-5999 www.kacla.org

Los Angeles County Department of Consumer Affairs, Dispute Settlement Services 213-974-0825
www.dca.lacounty.gov

Loyola Law School, The Center for Conflict Resolution 213-736-1145 www.lls.edu/ccr

Norwalk Dispute Resolution Program 562-929-5603 www.ci.norwalk.ca.us/socialservices2.asp

Office of the Los Angeles City Attorney, Dispute Resolution Program 213-485-8324
www.atty.lacity.org/mediate

---

**THE PROGRAMS LISTED ABOVE DO NOT OFFER LEGAL ADVICE OR HELP YOU RESPOND TO A SUMMONS; HOWEVER, THEY MAY ASSIST IN RESOLVING YOUR PROBLEM THROUGH MEDIATION.**

---

LAADR 007 (Rev. 01-12)
LASC Adopted 07-04
For Mandatory Use

**DISPUTE RESOLUTION PROGRAM ACT (DRPA) PROVIDERS**

Cal. Rules of Court, rule 3.221
Page 1 of 1

| NAME, ADDRESS, TELEPHONE, FAX, and E-MAIL: | STATE BAR NUMBER: | Reserved for Clerk's File Stamp |
|---|---|---|

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Click on the button to select the appropriate court address.

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: |
|---|---|

The undersigned parties in the above-titled action stipulate to participate in the Alternative Dispute Resolution (ADR) process checked below:

☐ Mediation ☐ Neutral Evaluation

☐ Arbitration (non-binding) ☐ Settlement Conference

☐ Arbitration (binding) ☐ Other ADR Process *(describe)*: _____

| Dated | Name of Stipulating Party ☐ Plaintiff  ☐ Cross-complainant ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|---|
| Dated | Name of Stipulating Party ☐ Plaintiff  ☐ Cross-complainant ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party ☐ Plaintiff  ☐ Cross-complainant ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party ☐ Plaintiff  ☐ Cross-complainant ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party ☐ Plaintiff  ☐ Cross-complainant ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party ☐ Plaintiff  ☐ Cross-complainant ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party ☐ Plaintiff  ☐ Cross-complainant ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party ☐ Plaintiff  ☐ Cross-complainant ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

☐ Number of additional pages attached to this document: _____.

LAADR 001 (Rev. 04-12)
LASC Approved 10-04
For Optional Use

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule 3.221
Page 1 of 1

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California**
**County of Los Angeles**



**Los Angeles County**
**Bar Association**
**Litigation Section**

**Los Angeles County**
**Bar Association Labor and**
**Employment Law Section**



**Consumer Attorneys**
**Association of Los Angeles**



**Southern California**
**Defense Counsel**



**Association of**
**Business Trial Lawyers**



**California Employment**
**Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association**
**Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:        FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

    a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c. Exchange of names and contact information of witnesses;

    d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lasuperiorcourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
       (INSERT DATE)                            (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____      ➤ _____
(TYPE OR PRINT NAME)                  (ATTORNEY FOR PLAINTIFF)
Date:

_____      ➤ _____
(TYPE OR PRINT NAME)                  (ATTORNEY FOR DEFENDANT)
Date:

_____      ➤ _____
(TYPE OR PRINT NAME)                  (ATTORNEY FOR DEFENDANT)
Date:

_____      ➤ _____
(TYPE OR PRINT NAME)                  (ATTORNEY FOR DEFENDANT)
Date:

_____      ➤ _____
(TYPE OR PRINT NAME)                  (ATTORNEY FOR _____)
Date:

_____      ➤ _____
(TYPE OR PRINT NAME)                  (ATTORNEY FOR _____)
Date:

_____      ➤ _____
(TYPE OR PRINT NAME)                  (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:       FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| LACIV 036 (new) <br> LASC Approved 04/11 | **STIPULATION – DISCOVERY RESOLUTION** | Page 1 of 3 |
|---|---|---|

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

     iii.   Be filed within two (2) court days of receipt of the Request; and

     iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____ )

➤ _____
(ATTORNEY FOR _____ )

➤ _____
(ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|---|
| | | | |
| TELEPHONE NO.: | FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | | |
| ATTORNEY FOR (Name): | | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference
2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).
3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).
4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:      FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES | |
|---|---|
| COURTHOUSE ADDRESS: | |
| PLAINTIFF: | |
| DEFENDANT: | |

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER |
|---|---|

**This stipulation Is Intended to provide fast and Informal resolution of evidentiary Issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date:   _____

_____
JUDICIAL OFFICER

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

# EXHIBIT B

**Subject:**                    Notice of Service of Process

**From:** sop@cscinfo.com [mailto:sop@cscinfo.com]
**Sent:** Thursday, September 20, 2012 1:10 AM
**To:** Simmons, Keith
**Subject:** Notice of Service of Process

# Corporation Service Company ®

*CSC SameDay SOP and CSC PowerBrief clients, click here to receive and view your Service of Process documents now.
For more information on instant access to your SOP, click Sign Me Up.*

### NOTICE OF SERVICE OF PROCESS

Transmittal Number: 10344962
Date: 09/20/2012

Pursuant to client instructions, we are forwarding this summary and notice of Service of Process. The Service of Process document has been sent to the primary contact listed below.

| | |
|---|---|
| **Entity:** | HireRight Solutions Inc. |
| **Entity I.D. Number:** | 1897769 |
| **Entity Served:** | HireRight Solutions, Inc. d.b.a. HireRihgt, Inc. d.b.a. USIS Commercial Services |
| **Title of Action:** | Oddie L. Jone vs. HireRight Solutions, Inc. d.b.a. HireRihgt, Inc. d.b.a. USIS Commercial Services |
| **Document(s) type:** | Summons/Complaint |
| **Nature of Action:** | Other |
| **Court/Agency:** | Los Angeles County Superior Court, California |
| **Case/Reference No:** | BC491127 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 09/19/2012 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |

**Sender Information:**
Devin H. Fok
310-430-9933

**Primary Contact:**
David R. Fontaine
Altegrity, Inc.

**Copy of transmittal only provided to:**
Gregg Freeman
Keith Simmons
Vickie Sloan
Carolyn Berger
Mike Miller
Andrew Grimmig

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the document(s) and taking appropriate action.

Please visit www.cscglobal.com for more information on CSC's Litigation and Matter Management services, including service of process (SOP) history, online acknowledgement of SOP, fully electronic scanned SOP and SOP package tracking information.

**CSC is SAS70 Type II certified for its Litigation Management System.**

**2711 Centerville Road   Wilmington, DE 19808**
**(888) 690-2882  |**

# EXHIBIT C

1  ROD M. FLIEGEL, Bar No. 168289
   LITTLER MENDELSON, P.C.
2  650 California Street
   20th Floor
3  San Francisco, CA 94108.2693
   Telephone:   415.433.1940
4  Fax No.:   415.399.8490

5  JENNIFER L. MORA, Bar No. 283569
   LITTLER MENDELSON, P.C.
6  2049 Century Park East
   5th Floor
7  Los Angeles, CA 90067.3107
   Telephone:   310.772.7243
8  Fax No.:   310.553.5583

9  Attorneys for Defendant HIRERIGHT
   SOLUTIONS, INC. (incorrectly sued as HireRight
10 Solutions, Inc. d.b.a. HireRight, Inc. d.b.a USIS
   Commercial Services)

11

**CONFORMED COPY**
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

OCT 4 - 2012

John A. Clarke, Executive Officer/Clerk
BY_____, Deputy
          Mary Flores

12                    SUPERIOR COURT OF CALIFORNIA

13                       COUNTY OF LOS ANGELES

|  |  |
|---|---|
| ODDIE L. JONES, individually, | Case No.  BC491127 |
| Plaintiff(s), | **DEFENDANT HIRERIGHT SOLUTIONS, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT** |
| v. |  |
| HIRERIGHT SOLUTIONS, INC. d.b.a. HIRERIGHT, INC. d.b.a. USIS COMMERCIAL SERVICES, a foreign corporation doing business in California; SWIFT TRANSPORTATION CO., INC. a foreign corporation doing business in California, and DOES 1-10 inclusive, | Trial Date:      None Set<br>Complaint Filed:   August 27, 2012 |
| Defendants. |  |

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

1    Defendant HireRight Solutions, Inc. (incorrectly sued as HireRight Solutions, Inc.

2    d.b.a. HireRight, Inc. d.b.a USIS Commercial Services) (hereinafter referred to as "Defendant"),

3    through its undersigned counsel, hereby answers the unverified Complaint filed by Plaintiff Oddie L.

4    Jones ("Plaintiff").

5                                    **GENERAL DENIAL**

6    1.    Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Defendant

7    hereby answers Plaintiff's unverified Complaint by generally denying each and every allegation

8    contained therein, by denying that Plaintiff has been damaged or has sustained any damages as a

9    result of the conduct alleged therein and by asserting the following separate and distinct additional

10   defenses.

11                                 **ADDITIONAL DEFENSES**

12   2.    Without admitting any of the allegations of the Complaint and without admitting or

13   acknowledging that Defendant bears any burden of proof as to any of them, Defendant asserts the

14   following additional defenses. Defendant intends to rely upon any additional defenses that become

15   available or apparent during pretrial proceedings and discovery in this action and hereby reserves the

16   right to amend this Answer to assert all such further defenses.

17                                     **FIRST DEFENSE**

18   3.    Defendant alleges that Plaintiff's Complaint, and each and every cause of action

19   contained therein, fails to state a claim upon which relief can be granted.

20                                    **SECOND DEFENSE**

21   4.    Defendant alleges that Plaintiff's Complaint, and each and every cause of action

22   contained therein, are barred in whole or in part because, at all material times, Defendant acted

23   reasonably, in good faith and without malice based upon all relevant facts and circumstances known

24   by Defendant at the time, and did not at any time willfully or negligently fail to comply with

25   applicable law, including but not limited to the California Investigative Consumer Reporting

26   Agencies Act (Civil Code § 1786 *et seq.*) (the "ICRAA") and the federal Fair Credit Reporting Act

27   (15 U.S.C. § 1681 *et seq.*) ("FCRA").

28

TLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108-2693
415.433.1940

1.

DEFENDANT HIRERIGHT SOLUTIONS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

1

**THIRD DEFENSE**

2      5.    Defendant alleges that Plaintiff's Complaint, and each and every cause of action

3  contained therein, are barred in whole or in part because Defendant satisfied all obligations that it

4  had, if any, under applicable law.

5

**FOURTH DEFENSE**

6      6.    Defendant alleges that Plaintiff's recovery is limited in whole or in part by Plaintiff's

7  failure to mitigate his alleged damages and also by the doctrine of avoidable consequences and all

8  similar and equivalent doctrines.

9

**FIFTH DEFENSE**

10      7.    Defendant alleges that both Plaintiff's substantive claims and his claim for damages,

11  which seek to recover, among other things, penalties and punitive damages, violate the Fourth, Fifth,

12  Sixth, Eighth and Fourteenth Amendments to the U.S. Constitution and corresponding Articles of the

13  California Constitution. Defendant alleges, among other things, that the ICRAA and Section 1681n

14  of the FCRA are unconstitutionally vague and ambiguous and unjustifiably arbitrary.

15

**SIXTH DEFENSE**

16      8.   To the extent, if any, that Plaintiff seeks to recover for any alleged harm that is

17  outside of the applicable statute of limitations, such claims are barred by the applicable statute of

18  limitations (Civ. Code § 1786.52; 15 U.S.C. § 1681p; and Cal. Bus. & Prof. Code § 17200 *et seq.*).

19

**SEVENTH DEFENSE**

20      9.    Defendant alleges that Plaintiff's Complaint, and each and every cause of action

21  contained therein, are barred in whole or in part because Plaintiff did not suffer any cognizable

22  damage or other harm as a proximate result of any alleged act or omission of Defendant or its agents

23  or employees.

24

**EIGHTH DEFENSE**

25      10.   Defendant alleges that Plaintiff's Complaint, and each and every cause of action

26  contained therein, are barred in whole or in part because the alleged damages or harm sustained by

27  Plaintiff, if any, resulted from the acts or omissions of Plaintiff or from causes other than any alleged

28  act or omission by Defendant or its agents or employees.

TLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEFENDANT HIRERIGHT SOLUTIONS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

1

**NINTH DEFENSE**

2      11.    Defendant alleges that Plaintiff's Complaint, and each and every cause of action

3  contained therein, are barred in whole or in part because the alleged damages or harm sustained by

4  Plaintiff, if any, resulted from causes other than any alleged act or omission by Defendant or its

5  agents or employees, including but not limited to acts or omissions by third parties.

6

**TENTH DEFENSE**

7      12.    Defendant alleges that Plaintiff's Complaint, and each and every cause of action

8  contained therein, are barred in whole or in part because any alleged communication by Defendant

9  was truthful and/or accurate when made.

10

**ELEVENTH DEFENSE**

11      13.    Defendant alleges that assuming, *arguendo*, any of the unlawful conduct alleged by

12  Plaintiff occurred, such unlawful conduct was not perpetrated by a managing agent of Defendant,

13  nor did any managing agent of Defendant ratify the alleged unlawful conduct.

14

**TWELFTH DEFENSE**

15      14.    Defendant alleges that Plaintiff's Complaint, and each and every cause of action

16  contained therein, are barred in whole or in part because Plaintiff failed to comply fully or at all with

17  procedures available and/or required under the ICRAA or the FCRA to address Plaintiff's concerns

18  and/or otherwise failed to take reasonable steps to avoid harm.

19

**THIRTEENTH DEFENSE**

20      15.    Defendant alleges that it has maintained procedures to comply with applicable law, if

21  any, at all times relevant to Plaintiff's Complaint.

22

**FOURTEENTH DEFENSE**

23      16.    Defendant alleges that to the extent any allegation or cause of action alleged in the

24  Complaint relies upon any verbal or non-verbal speech or expression, including any commercial

25  speech, such allegations or causes of action are barred by the protections of free speech and

26  expression contained in Article 1, Section 2, of the California Constitution and the First Amendment

27  of the U.S. Constitution.

28

TILER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108-2693
415.433.1940

3.

**FIFTEENTH DEFENSE**

17.     To the extent, if any, that Plaintiff seeks equitable relief, Defendant alleges that Plaintiff is not entitled to such relief for any claimed violation of the ICRAA because Civil Code Section 1786.50 does not provide such relief as a remedy.

**SIXTEENTH DEFENSE**

18.     Defendant alleges that Plaintiff is not entitled to recover for pain and suffering for any claimed violation of the ICRAA because Civil Code Section 1786.50 does not provide for the recovery of pain and suffering.

**SEVENTEENTH DEFENSE**

19.     Defendant alleges on information and belief that Plaintiff's Complaint is barred in whole or in part because, to the extent, if any, that Defendant was or is subject to Sections 1786.12 or 1786.20 of the ICRAA, Defendant, in fact, obtained the requisite certification in full or substantial compliance with applicable law.

**EIGHTTEENTH DEFENSE**

20.     Defendant alleges that Plaintiff is not entitled to recover the equitable relief he seeks because an adequate remedy at law exists.

**NINETEENTH DEFENSE**

21.     Defendant alleges that Plaintiff's cause of action for alleged violations of Business and Professions Code Section 17200 *et seq.* is barred because, to the extent the Complaint seeks to enjoin Defendant from engaging in "unfair," "fraudulent" or otherwise "unlawful" business actions or practices, if any, such claims are now moot. Even assuming, *arguendo*, that Defendant engaged in any such alleged actions or business practices (which Defendant denies), Defendant has since discontinued, modified and/or corrected its policies and practices.

**TWENTIETH DEFENSE**

22.     Defendant alleges that Plaintiff lacks standing to bring suit pursuant to California Business and Professions Code Section 17200, *et seq.*, because Plaintiff has not suffered any injury in fact or lost money or property as a result of Defendant's alleged unfair, fraudulent or unlawful

TLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

4.

DEFENDANT HIRERIGHT SOLUTIONS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

1  business practices. Furthermore, Plaintiff has not alleged, and cannot prove, any immediate

2  irreparable injury.

### TWENTY-FIRST DEFENSE

4      23.    Defendant alleges that the FCRA preempts Plaintiff's state law claim for equitable

5  relief and, thus, the Court lacks subject matter jurisdiction to issue such relief. Pursuant to the

6  FCRA, only the U.S. Government can obtain equitable relief in this context.

### TWENTY-SECOND DEFENSE

8      24.    Defendant alleges that Plaintiff's Complaint, and each and every cause of action

9  contained therein, is barred in whole or in part because Plaintiff's Complaint concedes that

10  Defendant provided Swift Transportation Co. of Arizona, LLC ("Swift") with Plaintiff's background

11  check report for legitimate employment purposes and does not even allege any improper disclosure

12  by Defendant to Swift.

### TWENTY-THIRD DEFENSE

14      25.    Defendant alleges that Plaintiff's Complaint is barred in whole or in part because

15  Plaintiff's state law claims are preempted by the FCRA, including but not limited to Section 1681t.

### RESERVATION OF ADDITIONAL DEFENSES

17      26.    Defendant reserves the right to amend this Answer should it later discover facts

18  demonstrating the existence of new and/or additional defenses and/or should a change in the law

19  support the inclusion of new and/or additional defenses.

### PRAYER FOR RELIEF

21      WHEREFORE, Defendant prays:

22      1.    That Plaintiff take nothing by his Complaint;

23      2.    That the Complaint be dismissed in its entirety with judgment entered against

24  Plaintiff and in favor of Defendant on all of Plaintiff's causes of action;

25      3.    That Plaintiff be ordered to pay Defendant its attorney's fees and costs of suit;

26  and

27

28

TLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

5.

DEFENDANT HIRERIGHT SOLUTIONS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

1         4.   For such other and further relief as the Court may deem proper.

2    Dated: October 4, 2012

3

4    _____

5    ROD M. FLIEGEL
    JENNIFER L. MORA
    LITTLER MENDELSON, P.C.

6    Attorneys for Defendant HIRERIGHT
    SOLUTIONS, INC.

7

8    Firmwide:114181800.1 061997.1073

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

6.

DEFENDANT HIRERIGHT SOLUTIONS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2049 Century Park East, 5th Floor, Los Angeles, California  90067.3107. On **October 4, 2012**, I served the within document(s):

**DEFENDANT HIRERIGHT SOLUTIONS INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

☒  by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Los Angeles, California addressed as set forth below.

**THE LAW OFFICES OF DEVIN H. FOK**
**Devin H. Fok, Esq.**
**P.O. Box 7165**
**Alhambra, CA 91802-7165**
**Fax: (3.23) 563-3445**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service.  Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on **October 4, 2012**, at Los Angeles, California.

Mary Ann Gerard

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067 3107
310 553 0308

Firmwide:114939986.1 061997.1073

PROOF OF SERVICE

# EXHIBIT D



1  Christy D. Joseph (SBN # 136785)
2  Joseph A. Kroeger (SBN # 228481)
   SNELL & WILMER L.L.P.
   Two California Plaza
3  350 South Grand Avenue
   Suite 2600
4  Los Angeles, California  90071-3406
   Telephone: (213) 929-2500
5  Facsimile: (213) 929-2525

6  Attorneys for Defendant
   SWIFT TRANSPORTATION CO. OF ARIZONA, LLC
7

**CONFORMED COPY**
**OF ORIGINAL FILED**
Los Angeles Superior Court

**OCT 04 2012**

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
    SHAUNYA WESLEY

8         SUPERIOR COURT OF THE STATE OF CALIFORNIA

9         COUNTY OF LOS ANGELES – CENTRAL DISTRICT

10                  STANLEY MOSK COURTHOUSE

11

12  ODDIE L. JONES, individually,              Case No.

13                  Plaintiff,                  **BC 491127**

14  v.

                                                **DEFENDANT SWIFT**
15  HIRERIGHT SOLUTIONS, INC. d.b.a             **TRANSPORTATION CO. OF ARIZONA,**
    HIRERIGHT, INC. d.b.a USIS                  **LLC'S ANSWER TO PLAINTIFF'S**
16  COMMERCIAL SERVICES, a foreign              **COMPLAINT FOR DAMAGES**
    corporation doing business in California;
17  SWIFT TRANSPORTATION CO., INC., a
    foreign corporation doing business in
18  California, and DOES 1-10 inclusive,

19                  Defendants.

20

21          Defendant Swift Transportation Co. of Arizona, LLC ("Defendant")[1] answers Plaintiff

22  Oddie L. Jones's ("Plaintiff") Complaint ("Complaint") as follows:

23

24          Under the provisions of § 431.30(d) of the California Code of Civil Procedure, Defendant

25  denies each and every allegation, both specifically and generally, of each cause of action

26  contained in Plaintiff's Complaint on file herein and the whole thereof, and deny that Plaintiff

27  was damaged in any sum or sums, at all.

28
_____
[1] Improperly named in the Complaint as "Swift Transportation Co., Inc."

**ADDITIONAL DEFENSES**

Swift further pleads the following additional defenses some of which are affirmative defenses.

**FIRST DEFENSE**

The Complaint and each of its purported causes of action fail to state facts sufficient to constitute a cause or causes of action against Defendant.

**SECOND DEFENSE**

As a further and separate affirmative defense, the Complaint, as well as each purported cause of action therein, is barred by the applicable statute of limitations.

**THIRD DEFENSE**

As a further and separate affirmative defense, Plaintiff was negligent with respect to each of the matters described in the Complaint and this negligence was the cause in fact and proximate cause of the damages, if any, suffered by Plaintiff. Plaintiff's negligence bars recovery in this action, either in whole or in part.

**FOURTH DEFENSE**

As a further and separate affirmative defense, Plaintiff's damages, if any, were proximately caused or contributed to by the acts, omissions or wrongful conduct of persons or entities over whom/which Defendant had no control and over whom/which Defendant can have no responsibility or liability.

**FIFTH DEFENSE**

As a further and separate affirmative defense, the Complaint and each of its purported causes of action are barred by Plaintiff's failure to take reasonable steps to avoid or otherwise mitigate the claimed damages.

**SIXTH DEFENSE**

As a further and separate affirmative defense, Plaintiff has failed to set forth a prima facie case that Defendant violated any of the statutes upon which Plaintiff relies.

**SEVENTH DEFENSE**

As a further and separate affirmative defense, the practices of which Plaintiff complains,

- 2 -

1   were and are not unlawful, unfair, or fraudulent.

2                                **EIGHTH DEFENSE**

3       As a further and separate affirmative defense, Defendant alleges that Plaintiff is not

4   entitled to recover damages, the existence of which is specifically denied, as Defendant acted in

5   good faith and had reasonable grounds to believe it was not violating applicable state and/or

6   federal law.

7                                **NINTH DEFENSE**

8       As a further and separate affirmative defense, Defendant alleges that it complied with the

9   Investigative Consumer Reporting Agencies Act and the Fair Credit Reporting Act, and is entitled

10  to each and every defense stated in the Acts and any and all limitations of liability.

11                               **TENTH DEFENSE**

12      As a further and separate affirmative defense, Defendant alleges any alleged acts or

13  omissions giving rise to this action were done in good faith, without malice or intent to injure

14  Plaintiff, such that any allegations of willful conduct, and the remedies potentially available under

15  the Investigative Consumer Reporting Agencies Act and/or the Fair Credit Reporting Act, are

16  inapplicable.

17                               **ELEVENTH DEFENSE**

18      As a further and separate affirmative defense, Defendant alleges that its conduct, if found

19  to be in violation of the Investigative Consumer Reporting Agencies Act and/or the Fair Credit

20  Reporting Act, was not willful such that statutory and punitive damages are not appropriate.

21                               **TWELFTH DEFENSE**

22      As a further and separate affirmative defense, Defendant alleges that Plaintiff's claims

23  may be barred in whole or in part by the equitable doctrines of release, estoppel, waiver, and/or

24  unclean hands.

25                               **THIRTEENTH DEFENSE**

26      As a further and separate affirmative defense, Defendant alleges that Plaintiff's claims

27  may be barred in whole or in part by the after-acquired evidence doctrine.

28  ///

                                        - 3 -

1

**FOURTEENTH DEFENSE**

2     As a further and separate affirmative defense, the claims of Plaintiff for punitive damages

3  against Defendant cannot be sustained because an award of punitive damages for the purpose of

4  compensating Plaintiff for elements of damage not otherwise recoverable by law would violate

5  Defendant's due process and equal protection rights guaranteed by the United States Constitution

6  and the California Constitution.

7

**FIFTEENTH DEFENSE**

8     As a further and separate affirmative defense, Defendant alleges that Plaintiff's claim for

9  punitive damages is barred by the excessive fines clause of the Eighth Amendment of the United

10  States Constitution, made applicable to the states and territories by the Fourteenth Amendment.

11

**SIXTEENTH DEFENSE**

12     As a further and separate affirmative defense, there is no private cause of action for a

13  purported violation of 15 U.S.C. § 1681m.

14

**SEVENTEENTH DEFENSE**

15     As a further and separate affirmative defense, the Complaint and each cause of action

16  therein fail to show any entitlement to the remedy of injunctive relief because they fail to state

17  facts sufficient to show continuing acts, the threat of irreparable harm, or a reasonable likelihood

18  of repetition of the alleged conduct if it were in fact established to be wrongful.

19

**EIGHTEENTH DEFENSE**

20     Discovery in this matter may reveal additional basis for an avoidance or affirmative

21  defense. Defendant reserves the right to amend this answer to plead such affirmative defenses

22  should they be discovered.

23  **WHEREFORE**, Defendant prays as follows:

24     1.    That Plaintiff takes nothing by his Complaint for damages;

25     2.    That Plaintiff's Complaint herein be dismissed in its entirety with prejudice;

26     3.    That Defendant recovers its costs of suit herein, including its reasonable attorneys'

27          fees; and

28  ///

- 4 -

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

1    4.      That the court award such other and further relief as it deems appropriate.

2

3    DATED October _4_, 2012.

4

5                     SNELL & WILMER L.L.P.

6

7           By:

                   Christy D. Joseph

8                   Joseph A. Kroeger

                  Two California Plaza

9                   350 South Grand Avenue

                  Suite 2600

10                  Los Angeles, CA 90071-3406

11                  Attorneys for Defendant

                  Swift Transportation Co. of Arizona, LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 5 -

*Swift Transportation Co. of Arizona, LLC adv Jones, Oddie*
LASC Central Case No. BC491127

### PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 600 Anton Boulevard, Suite 1400, Costa Mesa, California, 92626.

On October 4, 2012, I served, in the manner indicated below, the foregoing document described as **DEFENDANT SWIFT TRANSPORTATION CO. OF ARIZONA, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES** on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, at Costa Mesa, addressed as follows:

☒   BY REGULAR MAIL: I caused such envelopes to be deposited in the United States mail at Irvine, California, with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service each day and that practice was followed in the ordinary course of business for the service herein attested to  (C.C.P. § 1013(a)).]

☐   BY FACSIMILE: (C.C.P. § 1013(e)(f)).

☐   BY FEDERAL EXPRESS / OVERNITE EXPRESS: I caused such envelopes to be delivered by air courier, with next day service, to the offices of the addressees. (C.C.P. § 1013(c)(d)).

☐   BY PERSONAL SERVICE: I caused such envelopes to be delivered by hand to the offices of the addressees. (C.C.P. § 1011(a)(b)).

☐   BY E-MAIL: I caused such document to be served via e-mail to the below-referenced addressees.

********

Executed on October 4, 2012, at Costa Mesa, California.

_Danielle Broderick_ (signature)
Danielle Broderick

PROOF OF SERVICE

15934510

*Swift Transportation Co. of Arizona, LLC adv Jones, Oddie*
LASC Central Case No. BC491127

## SERVICE LIST

Devin H. Fok, Esq.
SBN 256599
THE LAW OFFICES OF DEVIN H. FOK
P.O. Box 7165
Alhambra, CA 91802-7165

*Attorneys for Plaintiff Oddie L. Jones*

Tel:  310 430-9933
Fax:  323 563-3445

Jennifer L. Mora, Esq.
SBN 283569
LITTLER MENDELSON, P.C.
2049 Century Park East
Fifth Floor
Los Angeles, CA 90067-3107

*Attorneys for Defendant
Hireright Solutions, Inc. (incorrectly
sued as Hireright Solutions, Inc. d.b.a.
Hireright, Inc. d.b.a. USIS Commercial
Services*

Tel:  310 772-7243
Fax:  310 553-5583

Rod M. Fliegel, Esq.
SBN 168289
LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108-2693

*Attorneys for Defendant
Hireright Solutions, Inc. (incorrectly
sued as Hireright Solutions, Inc. d.b.a.
Hireright, Inc. d.b.a. USIS Commercial
Services*

Tel:  415 433-1940
Fax:  415 399-8490

- 2 -

PROOF OF SERVICE

15934510

# EXHIBIT E

1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ODDIE L. JONES, an individual,

Plaintiff,

v.

HIRERIGHT SOLUTIONS, INC.
d.b.a. HIRERIGHT, INC. d.b.a USIS
COMMERCIAL SERVICES, a foreign
corporation doing business in
California, SWIFT
TRANSPORTATION CO., INC., a
foreign corporation doing business in
California, and DOES 1-10 inclusive,

Defendants.

Case No.

**NOTICE OF JOINDER OF CIVIL ACTION**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ITLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

1    Defendant Swift Transportation Co. of Arizona, LLC ("Defendant")[1]

2  hereby joins in HireRight Solutions, Inc.'s Notice of Removal to this Court of the

3  state court action described in the said Notice of Removal (Superior Court of the

4  State of California, in and for the County of Los Angeles, Case No. BC491127).

5

6  Dated: October 3, 2012

7

8                                   SNELL & WILMER L.L.P.

9

10                          By: _____

11                              Christy D. Joseph
                                Joseph A. Kroeger

12                              Attorneys for Defendant
13                              Swift Transportation Co. of Arizona, LLC

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  _____
     [1] Improperly named in the Complaint as "Swift Transportation Co., Inc."

*Snell & Wilmer*
*L.L.P.*
*LAW OFFICES*
*One Arizona Center, 400 E. Van Buren*
*Phoenix, Arizona 85004-2202*
*(602) 382-6000*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Philip S. Gutierrez and the assigned discovery Magistrate Judge is John E. McDermott.

The case number on all documents filed with the Court should read as follows:

## CV12- 8581 PSG (JEMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
    **312 N. Spring St., Rm. G-8**
    **Los Angeles, CA 90012**

[ ] **Southern Division**
    **411 West Fourth St., Rm. 1-053**
    **Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
    **3470 Twelfth St., Rm. 134**
    **Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
JONES, ODDIE L.

**DEFENDANTS**
HIRERIGHT SOLUTIONS, INC. d.b.a. HIRERIGHT, INC. d.b.a USIS COMMERCIAL SERVICES, a foreign corporation doing business in California; SWIFT TRANSPORTATION CO., INC., a foreign corporation doing business in California, and DOES 1-10 inclusive

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
THE LAW OFFICES OF DEVIN H. FOK
Devin H. Fok, Esq.
P.O. Box 7165, Alhambra, CA 91802-7165

Attorneys (If Known)
Rod M. Fliegel, Esq./Jennifer L. Mora, Esq.
LITTLER MENDELSON
2049 Century Park East, Fifth Floor
Los Angeles, CA 90067

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding  ☑ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No  ☑ **MONEY DEMANDED IN COMPLAINT:** $ Not specified

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. sections 1681b and 1681m (cause of action under the federal Fair Credit Reporting Act, 15 U.S.C. sections 1681 et seq.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☑ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | | ☐ 362 Personal Injury-Med Malpractice | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| | ☐ 190 Other Contract | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 893 Environmental Matters | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | | FEDERAL TAX SUITS |
| ☐ 894 Energy Allocation Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 895 Freedom of Info. Act | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 245 Tort Product Liability | | | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | |

CV12-08581

**FOR OFFICE USE ONLY:**  Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
#### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Arizona (for Defendant Swift Transportation Co., Inc.)<br>Oklahoma (for Defendant HireRight Solutions, Inc.) |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date Oct. 5, 2012

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |